hAMY, J.,
dissenting.
As explained by the majority, the workers’ compensation judge concluded that the facts of the instant matter are factually similar to those addressed by a panel of this court in Boswell v. Kurthwood Manor Nursing Home, 94-703 (La.App. 3 Cir. 12/7/94); 647 So.2d 630, writ denied, 95-0050 (La.3/17/95); 651 So.2d 267. In fact, the defendant asserts in its brief to this court that the defendant nursing home and facilities at issue in Boswell are the same as those now owned by the defendant in the instant matter. I respectfully dissent from the majority opinion as I conclude that the facts presented by the parties’ submissions in this case and the factual similarity with those in Boswell resolve all genuine issues of material fact.
The majority of this panel notes that the claimant in Boswell was a hairdresser providing services at the nursing home’s hair styling facility. The Boswell panel concluded that, upon application of the employer-employee relationship factors, ie., 1) selection and engagement, 2) payment of wages, 3) power of dismissal, and 4) power of control, no such relationship existed. In particular, the Boswell court noted that the selection and engagement factor of the relationship inquiry was lacking as the hair dressing facility was not restricted for use by the claimant, but, rather, the facility Nwas a luxury service and was open to use by residents’ family members or hairdressers chosen by the residents.
As for the remaining three factors, the court in Boswell found that, these too, indicated the absence of an employer-employee relationship. First, the claimant was not paid from the payroll of the defendant nursing home and no employment records were kept. With regard to whether the defendant had the power to dismiss the claimant, the court found that although the claimant could have been excluded from the premises, the residents would have been able to seek her services elsewhere. Thus, “[t]he power of dismissal did not lie with Kurthwood, but with the individual residents for whom Ms. Boswell worked.” Boswell, 94-703, p. 4; 647 So.2d at 632. Finally, with regard to the power of control, the court found that Kurthwood exercised no actual control as the claimant set her own schedule, decided what to charge, and chose her own attire. Furthermore, she supplied her styling equipment, except for the dryer, chairs, and shampoo bowl with which the facility was equipped. Therefore, the court found that no employer-employee relationship existed.
Athough Boswell reached this court following a full trial on the merits, I find the factual similarities evidenced by the parties’ submissions in the instant matter analogous. In support of the motion for summary judgment in the present case, the defendant presented the claimant’s deposition wherein she was questioned as to the nature of her work at the nursing home. I find that this testimony, as well as statements made in accompanying affidavits by nursing home personnel, demonstrate that no genuine issues of material fact exist with regard to whether an employer-employee relationship existed, even if the particular statements found in the ladaimant’s affidavit are accepted as true. These latter statements, which deal with the defendant’s control of her fees, work hours, and the defendant’s control of the *846 facility, are, in my opinion, insufficient to demonstrate that the relationship facts could be established, in light of the defendant’s submission.
With regard to the element of selection and engagement, the defendant’s submission indicates that the claimant began working at the nursing home after meeting with the administrator, the meeting was conducted in the hallway, no application was completed, no written agreement as to employment existed between the parties, and no employment records were kept on the claimant. Further, as in Boswell, the administrator stated that the hair care facility was open to all residents who could arrange for its use by a family member or their own hairdresser. Additionally, both the administrator at the time the claimant began work at the facility and the administrator at the time of the accident stated that the facility was available as an accommodation to the residents.
Furthermore, with regard to the payment of wages element, I find the defendant’s submission demonstrated that the claimant was not paid from the nursing home payroll and that she received no employment benefits. The affidavit of the administrative assistant at the nursing home indicates that the claimant was occasionally paid by checks drawn from the Patient’s Trust Fund Account, which is made up of the residents’ private funds, and that there was no withholding for taxes nor any social security deduction. Also, the claimant testified that, while she was paid directly by some of the patients, the remainder of the customers’ fees were paid from an account at the nursing home.
14As explained in Boswell, no single factor is determinative of the existence of an employment relationship. My review of the facts presented in this case indicates that the first two elements of the test are lacking and, further, that the totality of the parties’ submission reveals no reasonable basis to indicate that an employer-employee relationship could be established. Therefore, I dissent as I believe the summary judgment entered by the workers’ compensation judge should be affirmed.